IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**[1] CARLOS JAVIER RUIZ-PATIÑO**, aka Hustler Man, aka Jordan, aka El Chamo (Counts 1-15, 17-54, 58-62);<br><br>**[3] ALVARO ALEXANDER ORTIZ-CALLEJAS**, aka Paisa (Counts 60 and 61);<br><br>**[6] DAVID LUIS ZAPATA-FELIX** (Counts 1 and 7);<br><br>**[9] EDGAR OMAR BAEZ-VARGAS** (Counts 1, 17, and 20);<br><br>**[12] FNU, LNU**, aka Santiago (Counts 1, 31, and 62);<br><br><br><br>**[14] JESUS ALBERTO ORIOL-CABAN** (Counts 1, 41, and 42);<br><br>and<br><br>**[15] SANTOS JIMENEZ-CARABALLO** (Count 62),<br><br>Defendants. | **SUPERSEDING INDICTMENT**<br><br>No.: 23-cr-085 (PAD)<br><br>SIXTY-TWO COUNTS<br>FORFEITURE NOTICE<br><br>18 U.S.C. §§ 2, 1956, 1957<br>21 U.S.C. §§ 841, 846, 952, 960, and 963 |

The Grand Jury charges:

## COUNT ONE
### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h)

1.  Beginning on a date unknown to the Grand Jury but not later than March 2020, and continuing through approximately March 10, 2023, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, the defendants,

[1] CARLOS JAVIER RUIZ-PATIÑO, aka Hustler Man, aka Jordan, aka El Chamo;

[3] ALVARO ALEXANDER ORTIZ-CALLEJAS, aka Paisa;

[6] DAVID LUIS ZAPATA-FELIX;

[9] EDGAR OMAR BAEZ-VARGAS;

[12] FNU, LNU, aka Santiago;

and

[14] JESUS ALBERTO ORIOL-CABAN,

knowingly and intentionally conspired and agreed with other persons known and unknown to the Grand Jury to violate 18 U.S.C. §§ 1956 and 1957, including by:

   a)  knowingly conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b) knowingly transporting, transmitting, and transferring, and attempting to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States knowing the monetary instrument and funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer is designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

c) knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

### Object of the Conspiracy

2. The object of the conspiracy was to realize personal gain by using the U.S. financial system to conceal proceeds from the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, and transfer those illicit proceeds from places within the United States, including the District of Puerto Rico, to other places within the United States and places outside the United States, including the Republic of Colombia. The object of the conspiracy involved violations of 18 U.S.C. §§ 1956 and 1957.

## Manner and Means of the Conspiracy

It was part of the manner and means of the conspiracy that:

3. The sale of controlled substances in Puerto Rico and elsewhere generated illicit proceeds in the form of U.S. currency.

4. The illicit proceeds would be bundled and packaged using various methods, including plastic wrap, to conceal the odor of narcotics emanating from the currency and to facilitate its transportation.

5. The illicit proceeds would be further concealed in luggage and other containers for ultimate transport, delivery, and transfer.

6. Members of the conspiracy used encrypted messaging applications to communicate in furtherance of the conspiracy.

7. "Money brokers," who generally operated from Colombia, solicited what are referred to as "money contracts" from the owners of illicit proceeds generated from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances in Puerto Rico and elsewhere in the United States.

8. The money brokers arranged for illicit proceeds in the form of bulk U.S. currency to be picked up from couriers in Puerto Rico and elsewhere and then moved by wire transfer through U.S. financial institutions to bank accounts designated by the money broker. Couriers met in public locations and carried the money in a concealed manner. In addition to domestic and international wire transfers, the money brokers requested corresponding bulk-cash deliveries of the illicit proceeds in Colombia.

9. When the bulk currency was transferred between couriers, each courier was required to have the same secret code phrase to assure each other that they were meeting the right party.

10. Couriers also carried the same serial number of a U.S. dollar bill, known as a "token," to ensure that when the bulk currency was being transferred between the couriers they would know they were meeting the right party.

11. Couriers met in public locations and carried the money in a concealed manner, such as in duffel bags. When the deliveries were complete, the courier was expected to obtain proof, which usually was a photograph of the token.

12. Conspirators received commissions for their roles in the scheme. The commissions generally reflected a percentage of the illicit proceeds laundered.

All in violation of 18 U.S.C. § 1956(h).

**COUNTS TWO THROUGH FIFTY-TWO**
**Domestic Concealment Money Laundering**
**18 U.S.C. §§ 1956(a)(1)(B)(i) & 2**

13. On or about the dates listed below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants listed below, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally conduct, and attempt to conduct, financial transactions involving monetary instruments affecting interstate and foreign commerce as listed below, knowing that the monetary instruments and funds involved in the transactions represented the proceeds of some form of unlawful activity and knowing that such

transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

| Count | Approximate Date | Defendant | Transaction & Approximate Amount |
|---|---|---|---|
| 2 | May 5, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $57,770 in bulk U.S. currency |
| 3 | May 7, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $69,000 in bulk U.S. currency |
| 4 | May 7, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $16,036.90 wire transfer to Transcambios USA LLC |
| 5 | May 7, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $40,000 wire transfer to Cell Trade USA INC |
| 6 | May 8, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $64,860 wire transfer to ESI Eight Corp. |
| 7 | June 1, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo, and [6] DAVID LUIS ZAPATA-FELIX | Delivery of $90,000 in bulk U.S. currency |
| 8 | June 2, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO | Delivery of $60,000 in bulk U.S. currency |

| | | aka Hustler Man, aka Jordan, aka El Chamo | |
|---|---|---|---|
| 9 | June 3, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $149,850 in bulk U.S. currency |
| 10 | June 4, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $84,600 wire transfer to GSI Food Inc. |
| 11 | June 4, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $30,000 wire transfer to Transcambios USA LLC |
| 12 | June 4, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $26,400 wire transfer to Transcambios USA LLC |
| 13 | June 4, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $50,000 wire transfer to Mitxelenas Asociados Corp |
| 14 | June 4, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $70,000 wire transfer to YR Autoparts Corp |
| 15 | June 4, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $20,859 wire transfer to Choice Money Transfer Inc. |
| | | [Count 16 Omitted] | |
| 17 | July 14, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo, | Delivery of $147,200 in bulk U.S. currency |

| | | and<br>[9] EDGAR OMAR BAEZ-VARGAS | |
|---|---|---|---|
| 18 | July 14, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $35,000 in bulk U.S. currency |
| 19 | July 16, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $32,900 wire transfer to Baroni Recycling Inc. |
| 20 | July 27, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo, and<br><br>[9] EDGAR OMAR BAEZ-VARGAS | Delivery of $183,930 in bulk U.S. currency |
| 21 | July 28, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $172,894.20 wire transfer to GSI Food Inc. |
| 22 | September 10, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Attempted delivery of $179,900 in bulk U.S. currency |
| 23 | September 14, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $28,168 wire transfer Negits Group Inc. |
| 24 | September 14, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $40,000 wire transfer to Flora Export Corp. |

| | | | |
|---|---|---|---|
| 25 | September 14, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $70,200 wire transfer to YR Autoparts Corp. |
| 26 | September 30, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Attempted delivery of $1,000,130 in bulk U.S. currency |
| 27 | October 26, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $183,985 in bulk U.S. currency |
| 28 | October 28, 2020 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $172,945.90 wire transfer to GSI Food Inc. |
| 29 | January 8, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $112,045 in bulk U.S. currency |
| 30 | April 12, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $329,501 in bulk U.S. currency |
| 31 | September 22, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo, and [12] FNU, LNU, aka Santiago | Delivery of $300,065 in bulk U.S. currency |
| 32 | September 24, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $85,000 wire transfer to G and P Express Solutions LLC |

| | | | |
|---|---|---|---|
| 33 | September 24, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $15,000 wire transfer to Gamex Inc. |
| 34 | September 24, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $37,000 wire transfer to Materiales JJM CA LLC |
| 35 | September 27, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $30,000 wire transfer to Representaciones Agropecuaria |
| 36 | September 27, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $25,061.10 wire transfer to LMA Invest 2020 Corp. |
| 37 | September 27, 2021 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $90,000 wire transfer to Materiales JJM CA LLC |
| 38 | February 18, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $119,900 in bulk U.S. currency |
| 39 | February 22, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $60,000 wire transfer to Levelogistics Services LLC |
| 40 | February 22, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $52,765.95 wire transfer to Zan Trading Corp. |

| | | | |
|---|---|---|---|
| 41 | March 3, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo, and<br><br>[14] JESUS ALBERTO ORIOL-CABAN | Delivery of $500,040 in bulk U.S. currency |
| 42 | March 7, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo, and<br><br>[14] JESUS ALBERTO ORIOL-CABAN | Attempted delivery of $1,009,960 in bulk U.S. currency |
| 43 | March 8, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $99,500 wire transfer to Materiales JJM CA LLC |
| 44 | March 8, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $50,000 wire transfer to CC Homes at Doral LLC |
| 45 | March 9, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $20,000 wire transfer to CC Homes at Doral LLC |
| 46 | March 21, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $150,000 in bulk U.S. currency |
| 47 | September 7, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $119,720 in bulk U.S. currency |

| 48 | October 19, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Attempted delivery of $102,461 in bulk U.S. currency |
| --- | --- | --- | --- |
| 49 | October 19, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | Delivery of $96,251 in bulk U.S. currency |
| 50 | October 20, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $21,000 wire transfer to BC Management and Booking LLC |
| 51 | October 20, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $20,000 wire transfer to CPS Metals LLC |
| 52 | October 31, 2022 | [1] CARLOS JAVIER RUIZ-PATIÑO aka Hustler Man, aka Jordan, aka El Chamo | $50,438.45 wire transfer to Materiales JJM CA LLC |

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

### COUNTS FIFTY-THREE THROUGH FIFTY-NINE
### International Concealment Money Laundering
### 18 U.S.C. § 1956(a)(2)(B)(i)

14. On or about the dates listed below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant,

**[1] CARLOS JAVIER RUIZ-PATIÑO**
**aka Hustler Man, aka Jordan, aka El Chamo,**

did cause and attempt to cause the transporting, transmitting, and transferring of monetary instruments and funds as listed below from a place inside the United States, that is the District of Puerto Rico, to a place outside the United States, that is the

Republic of Colombia and Canada, knowing that the monetary instruments and funds involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

| Count | Approximate Date | Transaction & Approximate Amount |
|---|---|---|
| 53 | January 14, 2021 | $106,442.75 bulk-cash delivery in Bogotá, Colombia |
| 54 | April 15, 2021 | $309,730 bulk-cash delivery in Bogotá, Colombia |
| [Counts 55 through 57 Omitted] | | |
| 58 | March 23, 2022 | $142,500 bulk-cash delivery in Bogotá, Colombia |
| 59 | September 9, 2022 | $113,734 bulk-cash delivery in Bogotá, Colombia |

All in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

## COUNT SIXTY
### Narcotics Importation Conspiracy
### 21 U.S.C. §§ 952(a), 960, and 963

15. Beginning on a date unknown but not later than on or about May 23, 2022, until and including on or about November 11, 2022, within the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendants,

**[1] CARLOS JAVIER RUIZ-PATIÑO,**
aka Hustler Man, aka Jordan, aka El Chamo; and

**[3] ALVARO ALEXANDER ORTIZ-CALLEJAS, aka Paisa,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other diverse persons unknown to the Grand Jury, to commit an offense defined in 21 U.S.C. §§ 952(a), that is, to knowingly and intentionally import into the United States five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 952(a), 960, and 963.

### COUNT SIXTY-ONE
### Narcotics Importation
### Aiding and Abetting
### 21 U.S.C. §§ 952(a) and 960 and 18 U.S.C. § 2

16. On or about November 11, 2022, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendants,

**[1] CARLOS JAVIER RUIZ-PATIÑO,**
aka Hustler Man, aka Jordan, aka El Chamo; and

**[3] ALVARO ALEXANDER ORTIZ-CALLEJAS, aka Paisa,**

did knowingly and intentionally aid and abet each other to commit an offense defined in 21 U.S.C. § 952(a), that is, to knowingly and intentionally import into the United States five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 952(a) and 960 and 18 U.S.C. § 2.

## COUNT SIXTY-TWO
### Narcotics Conspiracy
### 21 U.S.C. §§ 841(a)(1) and 846

17. Beginning on a date unknown but not later than on or about April 12, 2021, until and including December 2, 2021, within the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants,

**[1] CARLOS JAVIER RUIZ-PATIÑO,**
aka Hustler Man, aka Jordan, aka El Chamo;

**[12] FNU, LNU, aka Santiago; and**

**[15] SANTOS JIMENEZ-CARABALLO,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other diverse persons unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a), that is, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846.

## FORFEITURE NOTICE

18. The allegations in this Indictment are realleged and incorporated by reference for the purpose of providing notice of forfeitures pursuant to 21 U.S.C. § 853 and 970, and 18 U.S.C. § 982(a)(1).

19. The United States gives notice to the defendants charged in this Indictment, that upon conviction of the offenses alleged in Counts One through Fifty-

Nine, all property, real or personal, involved in such offenses, and all property traceable to such property, is subject to forfeiture under 18 U.S.C. § 982(a)(1).

20.   The United States gives further notice to the defendants charged in this Indictment that upon conviction of the offenses alleged in Counts Sixty through Sixty-Two, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of those offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses is subject to forfeiture under 21 U.S.C. §§ 853 and 970.

21.   The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds traceable to or involved in the commission of the offenses alleged in the Indictment, and the following specific property:

   a) One Cessna Model 310Q Aircraft, PT-JST, its Flight and Maintenance Logs and Manuals, together with Associated Tools and Spare Parts seized on or about November 11, 2022; and

   b) $139,940 in U.S. currency seized on or about June 5, 2020;

   c) $179,900 in U.S. currency seized on or about September 10, 2020;

   d) $1,000,130 in U.S. currency seized on or about September 30, 2020;

   e) $1,009,960 in U.S. currency seized on or about March 7, 2022; and

   f) $102,461 in U.S. currency seized on or about October 19, 2022

## Substitute Assets

22. The defendants charged in this Indictment are notified if property subject to forfeiture, because of any act or omission of the defendants,

    a)     cannot be located upon the exercise of due diligence;

    b)     has been transferred or sold to, or deposited with, a third party;

    c)     has been placed beyond the jurisdiction of the court;

    d)     has been substantially diminished in value; or

    e)     has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by reference in 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

**A TRUE BILL**

[signature redacted]      June 12, 2025

FOREPERSON      DATE

W. STEPHEN MULDROW
United States Attorney

[signature]      [signature]

Myriam Y. Fernández-González      Daniel J. Olinghouse
Assistant United States Attorney      Assistant United States Attorney
Chief, Asset Recovery & Money
Laundering Division